date of the commitment, which order, however, is not effective without the written consent, indorsed thereon, of the committing court or magistrate. There is nothing before me in this case to indicate whether or not the commissioner has made any such order, nor even whether the facts would warrant the making of such an order; assuming that the commissioner has made an examination to ascertain whether or not this relator has been previously convicted. As was well stated by Mr. Justice Greenbaum in the case of People ex rel. Edwards v. Warden, 37 Misc. Rep. 641, 75 N. Y. Supp. 1113:

"If the relator claims that she is illegally detained because she is entitled to the benefit of section 710 aforesaid, it would be incumbent upon her to traverse the return by alleging a state of facts warranting her discharge under the provisions of section 710; and if, on a hearing upon the issue thus raised, it was found that she was illegally detained, she would be discharged from the custody of the warden."

No such issue is here presented. We have merely a question of the validity of the commitment to be determined in the case at bar. The writ is dismissed and the prisoner remanded.

Writ dismissed and prisoner remanded.

---

(39 Misc. Rep. 637.)

GALLAGHER v. GENEVA, W., S. F. & C. L. TRACTION CO.

(Supreme Court, Special Term, Monroe County. January, 1903.)

1. INFANT—ACTION AS POOR PERSON.
  An infant, alleging that she has a cause of action against defendant, may prosecute as a poor person, by permission of the court, though her guardian ad litem, who is her father, is responsible.

Action by Elizabeth Gallagher, an infant, by Michael Gallagher, guardian ad litem, against the Geneva, Waterloo, Seneca Falls & Cayuga Lake Traction Company. Motion to vacate an ex parte order permitting the infant plaintiff to sue as a poor person. Denied.

Charles A. Hawley, for the motion.
W. Smith O'Brien, opposed.

DAVY, J. This is a motion to vacate an ex parte order permitting the infant plaintiff to prosecute this action as a poor person, and for an order requiring security for costs to be given by the plaintiff, pursuant to section 3268 of the Code of Civil Procedure. The defendant contends that because the guardian ad litem is the father of the plaintiff, and is a responsible person to act as guardian, the plaintiff should not be permitted to prosecute as a poor person. I am inclined to think that the mere fact that the father is able to give security for costs has nothing to do with the rights of the infant plaintiff. She sets forth in her complaint a good cause of action, and if she is successful the recovery inures to her benefit, and not to the father, who, for that reason alone, might refuse to give security for costs, and thereby deprive the infant of the right to prosecute her action for damages. It is the poverty of the infant plaintiff, and not of the guardian ad litem, that confers jurisdiction upon the court to permit her to prosecute the action as a poor person. The law

contemplates that all persons who are residents of this state shall have access to the courts for the trial of actions, without being required to give security for costs. The 'court has power, even when an appeal is taken by a person acting in another's right, to dispense with security for costs. It seems to me that the order dispensing with security for costs was a proper exercise of discretion by the learned justice who granted it. The motion, therefore, is denied, with $10 costs.

Motion denied, with $10 costs.